IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JAMES R. HEGGIE** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **CARRINGTON MORTGAGE** | § | |
| **SERVICES, LLC; SOUTHWEST STAGE** | § | **CIVIL ACTION NO. 6:15-cv-00336-WSS** |
| **FUNDING, LLC; BANK OF AMERICA,** | § | |
| **N.A.; AND THE SECRETARY OF** | § | |
| **HOUSING AND URBAN** | § | |
| **DEVELOPMENT OF WASHINGTON** | § | |
| **D.C., HIS SUCCESSORS AND ASSIGNS** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT SOUTHWEST STAGE FUNDING, LLC'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND ITS
## MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

544922.2

## <u>TABLE OF CONTENTS</u>

<u>**PAGE**</u>

I.     INTRODUCTION .................................................................................................. 1

II.    ARGUMENT AND AUTHORITIES ................................................................... 3

       A.     Legal Standard ........................................................................................ 3

       B.     Dismissal of the Complaint is Appropriate as to Southwest Stage ........................ 3

III.   CONCLUSION .................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

CASES                                                                      PAGE(S)

**Cases**

*Aimsworth v. Wells Fargo Home Mortgage, Inc.*,
  No. 3:14-CV-1942-M, 2014 WL 7273945, at *11 (N.D.Tex. Dec. 22, 2014) (Lynn, J.)........... 5

*Aetna Life Ins. Co. v. Haworth*,
  300 U.S. 227-239-41, 57 S.Ct. 461, 81 L.Ed. 617 (1937) ......................................................... 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................................. 3, 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................................................. 3, 4

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) ....................................................................................................... 1

*Funk v. Stryker Corp.*,
  631 F.3d 777 (5th Cir. 2011) ....................................................................................................... 1

*GFF Corp. v. Assoc. Wholesale Grocers, Inc.*,
  130 F.3d 1381 (10th Cir. 1997) ................................................................................................... 1

*Lindsey v. Ocwen Loan Servicing, LLP*,
  No. 3:10-CV-967-L, 2011 WL 2550833, at *6 (N.D. Tex. June 27, 2011) .............................. 5

*Reliable Consultants, Inc. v. Earle*,
  517 F.3d 738 (5th Cir. 2008) ....................................................................................................... 3

*Schilling v. Rogers*,
  363 U.S. 666 (1960).................................................................................................................... 5

*Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*,
  99 F.3d 746 (5th Cir. 1996) ......................................................................................................... 5

*Taylor v. Books A Million, Inc.*,
  296 F.3d 376 (5th Cir. 2002) ....................................................................................................... 3

*Texas Ass'n of Bus. v. Tex. Air Control Bd.*,
  852 S.W. 440 (Tex. 1993)............................................................................................................ 4

*Utica v. Lloyd's of Tex. v. Mitchell*,
  138 F.3d 208 (5th Cir. 1998) ....................................................................................................... 4

*Val-Com Acquisitions Trust v. Citimortgage, Inc.,*
  421 Fed. App'x 398 (5th Cir. 2011) .................................................................. 5

**Statutes**

28 U.S.C. § 2201 ................................................................................................. 5
Tex. Civ. Prac. & Rem. Code § 16.035(b) .......................................................... 3
Tex. Civ. Prac. & Rem. Code § 37.001 ............................................................... 3

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................ 1, 2, 3, 6

TO THE HONORABLE JUDGE OF SAID DISTRICT COURT:

COMES NOW, Defendant Southwest Stage Funding, LLC d/b/a Cascade Financial Services ("Southwest Stage") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and files this, its Motion to Dismiss[1], respectfully requesting that the court dismiss in its entirety Plaintiff James R. Heggie's ("Plaintiff") January 5, 2016 Amended Complaint (the "Amended Complaint" or "Complaint.") for failure, as a matter of law, to state any cognizable claim for relief.

## I.    INTRODUCTION

1.    On or around September 13, 2007, Plaintiff and co-borrower Margaret A. Lenart (the "Borrowers") executed a note (the "Note," attached as **Exhibit A**)[2] in the amount of $130,224.00 in favor of Southwest Stage as Lender.  To secure the obligations under the Note, Borrowers executed a deed of trust (the "Deed of Trust", attached as **Exhibit B**, and collectively with the Note, the "Loan") on the property located at 6990 Highway 31, Axtell, Texas (the "Property"), in favor of Southwest Stage and its successors and assigns.[3]   On or around September 14, 2007, Borrowers and Southwest Stage executed a corrective deed of trust (the "Corrective Deed of Trust," attached as **Exhibit C**) to correct a ministerial error in the legal

---

[1] This Motion mirrors the Motion to Dismiss filed by Co-Defendant Carrington Mortgage Services, LLC, as the arguments and authorities contained herein are identical.

[2] Because Plaintiff refers to the Note in the Complaint and because the Note is central to Plaintiff's claims, the Court may consider the Note without converting Southwest Stage's Motion to Dismiss to a motion for summary judgment. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (noting with approval that various circuits consider as part of the pleadings documents attached to a defendant's motion to dismiss that are referred to in the complaint and are central to the Plaintiff's claims) (citing cases); *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.")

[3] For the reasons stated in note 1, *supra,* the Court may consider the Deed of Trust without converting Southwest Stage's Motion to Dismiss to a motion for summary judgment, as the Deed of Trust is attached as an exhibit and incorporated by reference into Plaintiff's Complaint and is central to Plaintiff's claims.  Further, the Court should take judicial notice of the Deed of Trust because it was filed in the Official Public Records of McLennan County, Texas under Instrument No. 2007034437.  *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

description of the Property provided as Exhibit A to the Deed of Trust.[4]  On or around April 1, 2008, Borrowers and Southwest Stage entered a loan modification agreement (the "Loan Modification Agreement," attached as **Exhibit D**).[5]  The Deed of Trust has been assigned several times, as reflected in the public record.  *See generally* Complaint.  Moreover, a foreclosure sale was held in 2009 and was later rescinded based on lack of authority of the trustee to conduct such a sale, as reflected in the public record.  *Id.*  BAC Home Loans Servicing, LP, a subsidiary of Defendant Bank of America, began servicing the Loan on or around September 1, 2009, and continued servicing the Loan until August 1, 2014, when Bank of America transferred the servicing rights to Co-Defendant, Carrington Mortgage Services, LLC. ("Carrington").  *See* Complaint ¶ 22.

2.     On September 25, 2015, Plaintiff commenced this lawsuit against Southwest Stage and others in the 74th Judicial District of McLennan County, Texas by filing his original complaint. Southwest Stage filed its answer to the state court action on October 23, 2015.  On November 19, 2015, Defendant Carrington timely removed this action to this Court.  (Doc. 1)  On January 5, 2016, Plaintiff filed a motion for leave to file an amended complaint (Doc. 9), which this Court granted by order dated January 11, 2016 (Doc. 10).  Southwest Stage now moves to dismiss Plaintiff's Amended Complaint because Plaintiff only asserts a single claim for a declaratory judgment, which is a procedural theory of recovery and is not an independent cause of action as a matter of law.  Thus, Plaintiff fails to state a cognizable claim for relief, and the Court should dismiss the Amended Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6).

---

[4] The Court should take judicial notice of the Corrective Deed of Trust because it was filed in the Official Public Records of McLennan County, Texas under Instrument No. 2008009133.  *Id.*

[5] The Court should take judicial notice of the Loan Modification Agreement because it was filed in the Official Public Records of McLennan County, Texas under Instrument No. 2008016017.

## II.     ARGUMENT AND AUTHORITIES

### A.     Legal Standard

3.     The Court should dismiss outright a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant, *see Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).  However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).  A complaint must offer more than a "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (citations omitted).  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.*  (quoting *Twombly*, 550 U.S. at 570). While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (quoting *Twombly*, 550 U.S. at 557).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  As described below, Plaintiff fails to meet this standard.

### B.     Dismissal of the Complaint is Appropriate as to Southwest Stage.

4.     Here, Plaintiff sole cause of action is to seek a declaration from this Court under the Texas Declaratory Judgments Act[6] to declare: (i) the "cause of action to foreclose on Plaintiff's Property accrued in 2009 when the Note was accelerated;" (ii) a second foreclosure is barred due to the statute of limitations under Section 16.035(b) of the Texas Civil Practice and

---

[6] Tex. Civ. Prac. & Rem. Code § 37.001 et seq.

Remedies Code; (iii) more than six years have passed since the Note was accelerated; and (iv) Plaintiff owns the Property free and clear of any liens or property rights claimed by or through the Defendants, including the Deed of Trust.  Complaint ¶ 25.  Plaintiff, however, does not allege an underlying claim to support his request for declaratory relief.  *See generally* Complaint.  Plaintiff's only factual allegation in support of his request for a declaratory judgment is that "the maturity of the Note was accelerated in 2009 prior to a July 7, 2009 foreclosure sale…"  *Id*. ¶ 17.  Absent from the Amended Complaint are any factual allegations such as the date of acceleration, the method of acceleration, by whom the debt was accelerated, or how Plaintiff was allegedly notified that the debt was accelerated.  *See generally* Complaint.  Plaintiff also makes no allegations regarding any notice of foreclosure sale provided to him, nor does he allege that he was ever displaced from the Property as a result of the purported 2009 foreclosure sale which was apparently conducted by that trustee without the necessary authority, as shown in the public record and in the Affidavit to Set Aside Foreclosure Sale attached as Exhibit 4[7] to the Amended Complaint.  Plaintiff's conclusory allegation that the debt was accelerated prior to the 2009 foreclosure sale, without more, is simply not enough to state a claim that is plausible on its face under the pleading standards set forth in *Iqbal* and *Twombly*.

5.      As evident from the Complaint, Plaintiff seeks relief under the Texas Declaratory Judgments Act.  The Texas act is procedural rather than substantive and would generally not apply to a removed action such as the instant case.  *See Utica v. Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998).  However, under both federal and Texas law, these declaratory judgments acts are procedural devices that create no substantive rights.  *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227-239-41, 57 S.Ct. 461, 81 L.Ed. 617 (1937); *Texas Ass'n of Bus. v. Tex.*

---

[7] As shown in the Affidavit to Set Aside Foreclosure Sale, the "trustee's sale was void and of no effect due to lack of authority by trustee to conduct the sale" and "return[ed] the parties to the status quo and revest[ed] legal title to the Property to James Richard Heggie."

*Air Control Bd.*, 852 S.W. 440, 444 (Tex. 1993). Under Texas law, a request for declaratory relief is viewed as a theory of recovery, which is dependent on another cause of action. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996). In a declaratory judgment action the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant. *Val-Com Acquisitions Trust v. Citimortgage, Inc.,* 421 Fed. App'x 398, 400-01 (5th Cir. 2011). A request for declaratory relief alone is thus not a substantive cause of action. *Id.* at 401. Because Plaintiff does not assert an underlying cause of action in the Amended Complaint to support his request for declaratory relief, Plaintiff's request for declaratory relief necessarily fails. *Id.*; *see also Lindsey v. Ocwen Loan Servicing, LLP*, No. 3:10-CV-967-L, 2011 WL 2550833, at *6 (N.D. Tex. June 27, 2011) (dismissing claim for declaratory judgment because "[a]s Plaintiff's underlying claim for wrongful foreclosure will be dismissed, there is nothing remaining for the court to adjudicate in this proceeding, and Plaintiff is not entitled to any [declaratory] relief").

6.     Although this matter was initially filed in state court, upon removal to this Court, the request for declaratory relief is converted into a request brought under the federal Declaratory Judgment Act[8]. *Aimsworth v. Wells Fargo Home Mortgage, Inc.,* No. 3:14-CV-1942-M, 2014 WL 7273945, at *11 (N.D.Tex. Dec. 22, 2014) (Lynn, J.). The federal act does not create an independent source of federal jurisdiction, but merely provides a remedy if there is, in fact, a judicially remediable right. *Schilling v. Rogers,* 363 U.S. 666, 677 (1960). In this case, Plaintiff's Complaint fails to plead a viable claim for relief against Southwest Stage because it does not contain a plausible substantive claim, but merely pleads a theory of recovery. Thus, the Court should deny Plaintiff's request for declaratory relief and dismiss the Amended Complaint in its entirety, with prejudice, as Plaintiff has failed to state a cognizable claim for relief.

---

[8] 28 U.S.C. § 2201 et seq.

## III.    CONCLUSION

For the reasons stated herein, Defendant Southwest Stage Funding, LLC d/b/a Cascade Financial Services requests that the Court grant its motion and dismiss the Amended Complaint, in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure, as a matter of law, to state any cognizable claim for relief.

Respectfully submitted,

By:   */s/ R. Dwayne Danner*
    **R. DWAYNE DANNER**
    State Bar No. 00792443
    **MCGLINCHEY STAFFORD, PLLC**
    2711 N. Haskell Avenue,
    Suite 2750, LB 38
    Dallas, Texas 75204
    Telephone: (214) 445-2408
    Facsimile:  (214) 445-8645
    ddanner@mcglinchey.com

    **ATTORNEYS FOR DEFENDANT
SOUTHWEST STAGE FUNDING, LLC D/B/A
CASCADE FINANCIAL SERVICES**

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing was filed with the Clerk of the Court on February 5, 2015 and that a copy of same was provided to the following in accordance with the Federal Rules of Civil Procedure:

Britton L. Larison
McGlinchey Stafford, PLLC
2711 N. Haskell Ave., Suite 2750
Dallas, Texas 75204
***Counsel for Defendant Carrington Mortgage Services, LLC***

Kathryn B. Davis
Winston & Strawn LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002
***Counsel for Defendant Bank of America, N.A.***

John Malone
John Malone, P.C.
1838 N. Valley Mills Drive
Waco, Texas 76710
***Counsel for Plaintiff***

Aubrey R. Williams
Montez & Williams, P.C.
3809 West Waco Drive
Waco, Texas 76710
***Counsel for Plaintiff***

Charles Kneeland Cooper, IV
U.S. Attorney's Office
816 Congress Avenue, 10th Floor
Austin, Texas 78701
***Counsel for Secretary of Housing and Urban***
***Development of Washington, D.C.***

*/s/ R. Dwayne Danner*
R. Dwayne Danner